# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

RANDALL PAUL ABERNATHY,    )
                                       )
           Petitioner,            )
                                       )
      v.                      )         No. 4:24-cv-1286-SPM
                                       )
RICHARD ADAMS,             )
                                       )
           Respondent.       )

## OPINION, MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is before the Court on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by state-court prisoner Randall Paul Abernathy (Missouri prisoner no. 1257517).[1] ECF No. 1. Petitioner seeks leave to proceed *in forma pauperis*, or without prepayment of fees and costs, in this matter. ECF No. 2. Based on a review of the financial information submitted in support of his request, the motion will be granted, and the filing fee will be waived. Furthermore, based on a review of the petition and memorandum in support, it appears that Petitioner initiated this action out of time. As such, the Court will order Petitioner to show cause why the petition should not be summarily denied and dismissed as time-barred. Finally, Petitioner's "Motion for Relief" will be granted to the extent that he seeks a copy of the docket sheet for this matter, but it will be denied in all other respects.

### Background

Based on an independent review on Case.net, Missouri's online case management system, Petitioner pleaded guilty on June 14, 2013, in Warren County Circuit Court, to two counts of sexual

---

[1] Although Petitioner states his Missouri prison registration number on the caption of his complaint as "1257515," this appears to be a typo as the Missouri Department of Corrections database lists his identification number as "1257517," as does documents Petitioner filed as exhibits to his petition. *See* ECF No. 1-2 at 43.

exploitation of a minor, one count of first-degree promoting child pornography, and one count of first-degree statutory sodomy. *State v. Abernathy*, No. 11BB-CR00774-01 (12th Jud. Cir., 2011). Petitioner was sentenced to consecutive terms of 30 years for the two counts of sexual exploitation, 15 years on the pornography count, and 50 years on the sodomy. On the same date, in the same state court, Petitioner also pleaded guilty to a charge of tampering with physical evidence in a felony prosecution and was sentenced to a concurrent term of 4 years. *State v. Abernathy*, No. 11BB-CR00845-01 (12th Jud. Cir., 2012). In total, Petitioner was sentenced to 125 years' imprisonment with the Missouri Department of Corrections (MDOC). He did not file a direct appeal in either case.

On December 19, 2013, Petitioner filed a *pro se* motion to vacate, set aside or correct sentence pursuant to Missouri Supreme Court Rule 29.15, in Warren County Circuit Court, directed at both of his June 2013 sentences. *Abernathy v. State*, No. 13BB-CC00115 (12th Jud. Cir., 2013). Appointed counsel filed an amended motion on Petitioner's behalf in July 2017, and an evidentiary hearing was held in November 2017. The motion was denied on January 11, 2018. Petitioner appealed and the Missouri Court of Appeals affirmed the denial of petitioner's Rule 29.15 motion on February 19, 2019. *Hardin v. State*, No. ED106366 (Mo. Ct. App. 2018). The Court of Appeals issued its mandate denying the motion on March 15, 2019.

On August 19, 2022, Petitioner filed a *pro se* petition for habeas corpus relief under Missouri Supreme Court Rule 91, in the St. Francois County Circuit Court, alleging that he was mentally incompetent in 2013 and that the trial court should not have allowed him to plead guilty without conducting a mental fitness examination. *Abernathy v. Adams*, No. 22SF-CC00142 (24th Jud. Cir., 2022). At that time, Petitioner was being held at the Eastern Reception Diagnostic and Correctional Center (ERDCC) in St. Francois County by Warden Richard Adams. On January 30,

2023, the St. Francois Circuit Court denied the petition, stating that "[t]he record does not disclose any facts that would necessarily have led the trial judge to sua sponte order a competency examination or that should have led Petitioner's attorney to request one." ECF No. 1-2 at 40. Subsequently, on April 28, 2023, Petitioner filed another *pro se* petition for habeas corpus relief "raising the exact same claims" but in the Missouri Court of Appeals Eastern District. *Abernathy v. Adams*, No. ED111637 (Mo. Ct. App. 2023); ECF No. 1-1 at 13. On June 5, 2023, the appellate court denied the petition without discussion. And finally on December 6, 2023, Petitioner filed a third *pro se* petition for habeas corpus relief "raising the same claims" but in the Missouri Supreme Court. *State ex rel. Abernathy v. Adams*, No. SC100349 (Mo. 2023); ECF No. 1-1 at 13. The Missouri Supreme Court summarily denied the petition on March 5, 2024.

The Court notes that—based on records from this Court—in addition to the 125-year sentence that Petitioner is currently serving with the MDOC, he is also serving a concurrent federal sentence of 339 months, issued on July 3, 2013, from charges of production of child pornography and transportation of child pornography. *See United States v. Abernathy*, No. 4:12-cr-381-CDP-1 (E.D. Mo. filed Oct, 18, 2012).

Finally, also from the records of this Court and relevant to the arguments made in the petition, Petitioner filed a civil action under 42 U.S.C. § 1983 in this Court in May 2022, alleging that he was receiving deliberately indifferent medical care at Eastern Reception, Diagnostic and Correctional Center. *See Abernathy v. Corizon Health, LLC*, No. 4:22-cv-528-SEP (E.D. Mo. filed May 13, 2022). Plaintiff initiated that civil suit with a complaint naming seven (7) defendants and included over fifty (50) pages of exhibits. *Id.* at ECF No. 1. About a month after initiating the suit, Plaintiff filed a motion of voluntary dismissal, stating that he had begun receiving medical

care addressing his concerns. *Id.* at ECF No. 5. The case was dismissed on June 27, 2022. *Id.* at ECF No. 6.

### The Instant § 2254 Petition and Memorandum of Law in Support

Petitioner is still incarcerated at the ERDCC. ECF No. 1 at 1. He filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2013 conviction and sentence of 125 years. *Id.* His petition argues four grounds for relief. His first two grounds are based on ineffective assistance of counsel. He alleges that his trial court counsel was ineffective for failing to request a mental competency examination of him before he was convicted and sentenced. He also alleges that his appointed counsel on post-conviction review was ineffective for failing to preserve his mental incompetence claim. *Id.* at 5-8. For his third ground, Petitioner argues that the trial court violated his due process right to have a mental competence examination, given the court's knowledge of Petitioner's mental health issues. *Id.* at 8-9. And finally, for his fourth ground for relief, Petitioner asserts that the Missouri courts violated clearly established federal law by allowing him—as a mentally incompetent person—to be convicted and sentenced. *Id.* at 10-11.

On the section form of the petition regarding 'Timeliness of Petition,' Petitioner states:

During the period between January 19, 2019 to January 19, 2020, the time I was suppose[d] to file my 2254, I was prescribed powerful antipsychotic and antidepressant drugs for six different mental diseases and I experienced "psychosis" and "Time blindness" so that both time and tasks to be performed were distorted in substantial ways. … I was also under the influence of radical swings of medication at non-monitored levels which added to me distortion of time and placed my cognition in a condition that I couldn't appreciate the time-sensitive rule of law under 28 USC Sec 2254.

*Id.* at 13. The petition states that it was placed in the prison mailing system on September 10, 2024. *Id.* at 14.

- 4 -

Attached to the form § 2254 petition, Petitioner included a 69-page document, restating his grounds for relief and providing "Suggestions in Support" of granting him a writ of habeas corpus. ECF No. 1-1.[2]  He also attached 230 pages of exhibits which appear to be mostly state court filings and documents.  ECF No. 1-2.  The majority of these documents pertain to the merits of Petitioner's arguments for a writ.  A few sections address the issue of timeliness of the petition.

But first, some background on Petitioner is important for evaluating the timeliness issue. Petitioner states that he has a history of mental health problems and that he took various mental health medications before he was arrested and charged in state court in 2011.  After his arrest, Petitioner attempted suicide in the Warren County Jail.  Petitioner claims that during his time in that Jail—from arrest to sentencing—he was prescribed over sixteen anti-psychotic and anti-depressant drugs.  ECF No. 1-2 at 70.  According to Petitioner, on the day of his sentencing, he was in a mental fog and all he can remember about that day is that he was trying to stay conscious. He states that he was prescribed various and numerous medications over the next many years and that it was not until May or June 2022, when meeting with an institutional psychiatrist, that he realized that the medications had affected his ability to remember.  *Id.* at 70-71, 110.  Petitioner asserts that the psychiatrist opined that "the reason why [Petitioner] couldn't recall most of [his] time in Warren County Jail and the events at [his] Plea Hearing on June 14, 2013 was that [he] was in a state of psychosis during those periods, making it to where [he] would not be fully aware of what was transpiring and unaware of what [he] was doing."  *Id.* at 110.

_____

[2] The Court will treat this attachment, and all others, as part of the pleadings.  *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

In Petitioner's "Suggestions in Support,"[3] he mentions the 1-year limitations period for filing a § 2254 petition and admits that his petition was filed out of time. ECF No. 1-1 at 5. However, Petitioner argues that the Eighth Circuit has held that a petitioner's mental impairment can be an extraordinary circumstance which interrupts the limitations period if the impairment is of sufficient degree and duration. *Id.* (citing *Nichols v. Dormire*, 11 Fed. App'x 633, 634 (8th Cir. 2011)). According to Petitioner, from the time he filed his "Form 40" (December 16, 2013) until 2019, "he was prescribed *Lithium* and his dosage swung wildly from 300 mgs to 900 mgs, abruptly ended and then commenced again." *Id.* at 10, 12 (italics in original). He discusses how he testified at a state court hearing on his post-conviction motion on November 7, 2017, detailing to the court how "he couldn't remember most of the questions the [trial court] judge asked him" at his plea hearing in June 2013. *Id.* at 24. He states further that "[h]e began to find mental clarity and some significant emotional balance six months after he was at [ERDCC] because he began receiving regular psychotic counseling and proper medication and monitored dosage levels." *Id.* at 25.

At the time of case initiation, Petitioner also filed a "Memorandum of Law in Suggestions to Grant Writ of Habeas Corpus Out of Time" that addresses the lack of timeliness of his petition.[4] ECF No. 4. In this Memorandum, Petitioner argues that the Court should allow him to file his petition out of time because he can show "'cause and prejudice' for his procedural default of his

---

[3] The Court liberally construes Petitioner's arguments but recognizes that parts of this document appear to be a reprint of a state-court filing because many of the arguments are directed at the Missouri courts and at one point Petitioner states: "Unfortunately for [Petitioner], at this time he cannot avail himself of this standard of review because he's not in federal court pursuing a federal 28 U.S.C. Sec. 2254 for state prisoners raising constitutional claims." ECF No. 1-1 at 59; *see also* ECF No. 1-2 at 161-225.

[4] Petitioner also filed a "Motion for Request for an Evidentiary Hearing" at case initiation. ECF No. 5. Because this motion relates the merits of his habeas case, the Court will wait to address it, if and when, the Court finds that this case is not time-barred.

federally cognizable claims." *Id.* at 1.  Petitioner states that his one-year period for filing his

federal habeas action under § 2254 expired on February 9, 2020.  *Id.* at 2.  He missed that deadline

because he was suffering "from such severe mental illness which the powerful anti-psychotic and

antidepressant drugs he was prescribed aggravated [and] created a medical condition commonly

referred to as 'Time Blindness.'"  *Id.*  Petitioner states that a psychiatrist explained this concept to

him in May 2022, and he states that this diagnosis is "consistent with the conditions … he was

experiencing before and during his plea proceeding."  *Id.* at 3, 5.  Although Petitioner admits that

he is guilty of the crimes for which he pled guilty in 2013, he argues that his mental incompetence

at the time of his plea is comparable to a recent state court case where a prisoner was released after

a finding that she was not guilty of a crime that she confessed to while receiving mental health

care.  *Id.* at 8-9.  Ultimately, Petitioner states that he "has pled facts to support tolling of the statute

of limitations."  *Id.* at 6.

### Motion for Relief (ECF No. 8)

Less than two weeks after initiating this case, Petitioner filed a "Motion for Relief" in this

case.  ECF No. 8.  In this Motion, Petitioner requests "a copy of the local district Rules &/or local

28 USC 2254 Rules … along with a copy of the post-filing docket entries for this action."  *Id.* at

1.  Petitioner states that he has limited access to law library resources.  *Id.* at 2.

This motion will be granted in part and denied in part.  Because it is not the Court's duty

to provide legal resources to Petitioner, copies of the local rules and rules under which habeas

corpus cases are governed, will not be provided to Petitioner.  The Court will explain below the

relevant legal standards, such that Petitioner can respond to this Order.  However, the Court will

direct the Clerk of Court to send Petitioner a copy of the docket sheet for this matter.

**Legal Standards**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates, as set forth in 28 U.S.C. § 2244(d)(1). *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final, to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Under Missouri court rules, a party may appeal from a judgment by filing a notice of appeal not later than ten (10) days after the judgment becomes final. Mo. Sup. Ct. R. 81.04(a). *See Camacho v. Hobbs*, 774 F.3d 931, 934-35 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review).

However, the AEDPA's statute of limitations tolls while state post-conviction proceedings and "other collateral review" proceedings are pending. *Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005); 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). State post-conviction relief proceedings are "pending" for the period between the trial court's denial of the post-conviction relief and the timely filing of an appeal from it but are not "pending" for the period between the end of direct review and the date of post-conviction application filing. *Maghee*, 410

- 8 -

F.3d at 475 (citing *Peterson v. Gammon*, 200 F.3d 1202, 1203 (8th Cir. 2000); *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001)).  Additionally, under Missouri state court procedures, post-conviction relief proceedings are not final until the issuance of the mandate.  *See Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (determining that petitioner's petition, filed exactly one year after the issuance of mandate in his post-conviction case, was timely).  Finally, the statute of limitations also tolls while a state habeas petition is pending.  *See Wall v. Kholi*, 562 U.S. 545, 552 (2011) (stating that "our cases make it clear that habeas corpus is a form of collateral review").

Equitable tolling "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).  The one-year limitations period set forth in the AEDPA may be equitably tolled if a petitioner demonstrates: (1) he has been diligently pursuing his rights; and (2) an extraordinary circumstance stood in his way and prevented timely filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Muhammad v. U.S.*, 735 F.3d 812, 815 (8th Cir. 2013).  The Court notes that according to the Eighth Circuit, an unrepresented prisoner's allegations of "a lack of legal knowledge or legal resources" is not sufficient to warrant equitable tolling.  *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); *see also Muhammad*, 735 F.3d at 815 (finding no extraordinary circumstances justifying equitable tolling where movant argued that he was detained in a separate housing unit for five months where he did not have access to the law library or his personal, legal materials).  Petitioner must establish that he was pursuing his rights diligently and that some extraordinary circumstance prevented him from timely filing his petition.

### Discussion

In this case, Petitioner did not file a direct appeal of his state-court judgment.  His time for seeking direct review of the judgment expired ten (10) days after the judgment became final – or

June 24, 2013.    However, Petitioner did not file his motion for post-conviction relief until December 19, 2013.    As explained above, Petitioner's post-conviction proceedings were not "pending" between June 24 and December 19, 2013, so this 178-day period counts towards Petitioner's one-year statute of limitations under the AEDPA.    On March 15, 2019, when the post-conviction mandate was issued, Petitioner's post-conviction proceedings became final and the AEDPA period began running again.    Because 178 days of the one-year period had already run, Petitioner needed to file his § 2254 petition within 187 days of the March 15, 2019, mandate, or by September 18, 2019.

Therefore, by the time Petitioner filed his first state habeas petition on August 19, 2022, the deadline for filing his § 2254 federal habeas had already passed by almost 3 years.    However, if the deadline had not already run, the three state habeas petitions would toll the limitations period during the time they were pending: August 19, 2022 to January 30, 2023; April 28, 2023 to June 5, 2023; and December 16, 2023 to March 5, 2024.

"[A] *pro se* prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) *abrogated on other grounds by Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008).    In this case, the petition is dated September 10, 2024.    ECF No. 1 at 14.

Petitioner admits that he filed his petition late.    He argues that the deadline should be equitably tolled due to his mental health issues and the effects he was experiencing due to his mental health medications.    Petitioner does not specifically state a time period for which these health issues should toll or stop the running of his § 2254 limitations period.    Petitioner does state that "[h]e began to find mental clarity and some significant emotional balance six months after he was at [ERDCC] because he began receiving regular psychotic counseling and proper medication

- 10 -

and monitored dosage levels." ECF No. 1-1 at 25. But the Court does not know exactly when Petitioner was transferred to ERDCC.

As explained above, in order for the Court to find that equitable tolling is warranted, Petitioner must establish that he was pursuing his rights diligently and that some extraordinary circumstance prevented him from timely filing his petition. The Eighth Circuit has held that a prisoner's mental impairment can be an extraordinary circumstance that warrants equitable tolling of the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1), if the impairment is of sufficient "degree and duration." *Nichols v. Dormire*, 11 Fed. App'x. 633, 634 (8th Cir. 2001). The Court examines the mental impairment by looking at factors like the prisoner's housing situation, the prisoner's employment status, whether prisoner appeared coherent and alert, whether the prisoner suffered from hallucinations, whether the prisoner was suicidal, and whether the prisoner was capable of registering complaints with prison officials. *Id.* In this case, Petitioner provides little facts by which the Court could examine these factors.

Hypothetically, if the Court accepted Petitioner's argument that his mental health issues were of sufficient "degree and duration" to be an extraordinary circumstance that would toll the limitations period, at a minimum, Petitioner must have been coherent and capable enough to file his petition by May 13, 2022, when he filed a 42 U.S.C. § 1983 civil action in this Court concerning deliberately indifferent medical care. *See Abernathy v. Corizon Health, LLC*, No. 4:22-cv-528-SEP (E.D. Mo. filed May 13, 2022). Similar to the Eighth Circuit's finding in *Nichols* that a prisoner's registration of prison complaints indicates a lack of mental impairment, this Court has no reason to believe that Petitioner was incapable of filing a § 2254 federal habeas petition by May 13, 2022, if he could file a § 1983 complaint against 7 defendants with 50 pages of exhibits.

- 11 -

Assuming without deciding that Petitioner's limitation period was tolled to some extent due to his mental health issues, the period would have at least begun to run by May 13, 2022, when he filed a § 1983 action in this Court. Plaintiff also admits that around this same time, he was meeting with a psychiatrist who explained his recall problems and filled in lapses in his memory. The period from May 13, 2022 to the signing of this petition on September 10, 2024, is over two years. Even tolling this period for the times when Petitioner's three state habeas petitions were pending, Petitioner's limitations period still would have been running from May 13, 2022 until August 19, 2022 (98 days); from January 30, 2023 until April 28, 2023 (88 days); from June 5, 2023 until December 16, 2023 (194 days); and from March 5, 2024 until petition signing on September 10, 2024 (189 days). These periods equal 569 days which is well over the one-year limitations period.

As discussed above, the one-year limitations period set forth in the AEDPA may be equitably tolled if a petitioner demonstrates: (1) he has been diligently pursuing his rights; and (2) an extraordinary circumstance stood in his way and prevented timely filing. *Holland*, 560 U.S. at 649; *Muhammad*, 735 F.3d at 815. Even if the Court accepts that Petitioner's mental health issues constituted an extraordinary circumstance that tolled the deadline for some period, Petitioner has not established that he was diligently pursuing his rights when the period was not tolled.

Therefore, the Court will direct Petitioner to show cause as to why his § 2254 petition should not be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred). Petitioner will be given thirty (30) days from the date of this order in which to submit a written response. Failure to respond will result in the dismissal of this case without further proceedings.

Accordingly,

- 12 -

**IT IS HEREBY ORDERED** that Petitioner's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that Petitioner shall show cause, in writing and no later than **thirty (30) days** from the date of this Order, why the instant § 2254 petition should not be denied and dismissed as time-barred.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Relief [ECF No. 8] is **GRANTED** to the extent that he seeks a copy of the docket sheet in this matter but **DENIED** in all other respects.  The Clerk of Court is directed to send Petitioner a copy of the docket sheet.

**IT IS FINALLY ORDERED** that if Petitioner fails to comply with this Order, his § 2254 petition will be dismissed without further proceedings.

Dated this 20th day of November, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

- 13 -