UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RANDALL ABERNATHY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | |
| v. ) | Case No. 4:24-CV-01286-SPM |
| ) | |
| RICHARD ADAMS, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on the petition of Missouri state prisoner Randall Abernathy ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Petitioner's Motion for Request for an Evidentiary Hearing (ECF No. 5). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). ECF No. 17. For the following reasons, the petition and the motion will be denied.

**I.    FACTUAL BACKGROUND**

The Circuit Court of St. Francois County, Missouri summarized the facts of Petitioner's case as follows:

> Petitioner, Randall Paul Abernathy, serves an aggregate 125-year Missouri sentence in the Eastern Reception Diagnostic Correctional Center in St. Francois County, Missouri, where Respondent Richard Adams is the Warden, for two counts of sexual exploitation of a minor child, promoting child pornography in the first degree, first degree statutory sodomy on a child under age twelve, and tampering with physical evidence in a felony prosecution. Petitioner also serves concurrent federal sentences for production of child pornography and transportation of child pornography.

> Petitioner pleaded guilty in the Circuit Court of Warren County to two counts of the Class A felony of sexual exploitation of a child for which he received consecutive thirty-year sentences. He also pleaded guilty to the Class B felony promoting child pornography in the first degree for which he received a consecutive fifteen-year sentence. He also pleaded guilty to the unclassified dangerous felony of first-degree statutory sodomy of a child under age twelve for which he received a consecutive fifty-year sentence. Petitioner also pleaded guilty to and received a concurrent four-year sentence for the Class D felony of tampering with physical evidence in a felony case.

Resp't Ex. 11, at 1.[1] Petitioner did not directly appeal his guilty plea.

In his amended motion for post-conviction relief, filed pursuant to Mo. Sup. Ct. R. 29.15, Petitioner through counsel asserted three claims: (1) defense counsel assured Petitioner that he would receive less time than he actually received when he made an open guilty plea; (2) defense counsel unreasonably failed to advise Petitioner that multiple convictions for first-degree child exploitation would violate double jeopardy; and (3) no factual basis existed for the plea on Count II. Resp't Ex. 11, at 2. The motion court denied all of these claims after an evidentiary hearing. Resp't Ex. 4 at 5–10. On appeal, Petitioner raised only the claim that plea counsel was ineffective for failing to advise him of a possible double jeopardy violation. Resp't Ex. 7, at 5–7. The Court of Appeals rejected this claim. *Id*.

In his state petition for habeas corpus relief, filed pursuant to Mo. Sup. Ct. R. 91, Petitioner asserted three claims *pro se*: (1) that the trial court deprived Petitioner of due process by not *sua sponte* ordering a mental examination for Petitioner; (2) that his fifty-year sentence for statutory sodomy exceeded the maximum sentence for statutory sodomy, which he described as a Class A felony; and (3) that he received ineffective assistance of plea counsel based on the failure to request a competency evaluation. Resp't Ex. 11, at 3. The state court denied all three claims. Resp't Ex.

---

[1] This document contains multiple sets of page numbers. The Court refers to the pagination in the lower right-hand corner. Additional facts relevant to Petitioner's specific claims will be set forth in the discussion section below.

11, at 1–5. Petitioner brought these same claims in a *pro se* petition for habeas corpus relief in the Missouri Court of Appeals Eastern District, and the appellate court denied the petition without discussion. Resp't Ex. 13, 14. Petitioner brought these same claims in a *pro se* petition for habeas corpus relief in the Missouri Supreme Court, and the Missouri Supreme Court summarily denied the petition. Resp't Ex. 16, 18.

In the instant petition, Petitioner asserts four grounds for relief: (1) that he received ineffective assistance of plea counsel based on the failure to request a competency evaluation; (2) that Petitioner received ineffective assistance of post-conviction counsel based on the failure to request a mental competency examination of him before he was convicted and sentenced; (3) that the trial court deprived Petitioner of due process by not *sua sponte* ordering a mental competence examination for Petitioner; and (4) that the Missouri habeas courts erred in not granting Petitioner's ineffective assistance of counsel claims. Pet'n, ECF No. 1.[2]

Respondent argues that the petition should be denied because it was not timely filed under AEDPA's 1-year statute of limitations, 28 U.S.C. § 2244(d)(l)(A), and because each of Petitioner's claims has been procedurally defaulted and/or is meritless. After review, it appears to the Court that the timeliness issue is substantially more complicated than the merits and procedural default issues.[3] Thus, in the interest of judicial economy, the Court will proceed to address the merits and

---

[2] Attached to the form § 2254 petition, Petitioner included a 69-page document, restating his grounds for relief and providing "Suggestions in Support" of granting him a writ of habeas corpus. ECF No. 1-1. The Court will treat this attachment, and all others, as part of the pleadings. See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). He also attached 230 pages of exhibits which appear to be mostly state court filings and documents. ECF No. 1-2.

[3] The one-year limitations period set forth in the AEDPA may be equitably tolled if a petitioner demonstrates: (1) he has been diligently pursuing his rights; and (2) an extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); Muhammad v. U.S., 735 F.3d 812, 815 (8th Cir. 2013). Petitioner argues that equitable tolling

3

procedural default issues. *See White v. Steele*, 853 F.3d 486, 490 (8th Cir. 2017) ("[E]ven where we have reason to doubt compliance with the statute of limitations, we may proceed to the merits in the interest of judicial economy."); *Trussell v. Bowersox*, 447 F.3d 588, 590-91 (8th Cir. 2006) ("[B]ecause neither the statute of limitations nor procedural default constitutes a jurisdictional bar to our review, *Day v. McDonough*, 547 U.S. 198 (2006), we shall, in the interest of judicial economy, proceed to the merits of [the] petition.").

## II.   LEGAL STANDARDS

### A.  Legal Standard for Reviewing Claims on the Merits

Where a claim has been adjudicated on the merits in state court proceedings, a federal court may grant habeas relief only if the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] determination of a factual issue made by a State

---

applies due to his mental health issues. As noted in a previous order, assuming without deciding that Petitioner's limitation period was tolled to some extent due to his mental health issues, the period would have at least begun to run by May 13, 2022, when he filed a § 1983 action in this Court. See *Abernathy v. Corizon Health*, LLC, No. 4:22-cv-528- SEP (E.D. Mo. filed May 13, 2022). Plaintiff also admits that around this same time, he was meeting with a psychiatrist who explained his recall problems and filled in lapses in his memory. The period from May 13, 2022 to the signing of this petition on September 10, 2024, is over two years. Even tolling this period for the times when Petitioner's three state habeas petitions were pending, Petitioner's limitations period still would have been running from May 13, 2022 until August 19, 2022 (98 days); from January 30, 2023 until April 28, 2023 (88 days); from June 5, 2023 until December 16, 2023 (194 days); and from March 5, 2024 until petition signing on September 10, 2024 (189 days). These periods equal 569 days, which is well over the one-year limitations period. Respondent asserts that the delay was due to Petitioner's lack of diligence. Petitioner argues that he experienced multiple non-contiguous periods during which his mental health issues interfered with his ability to comply with court procedures, and submitted supporting affidavits from fellow detainees.

4

court shall be presumed to be correct," and the petitioner has the "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C.A. § 2254(e)(1).

A state court decision is "contrary to" clearly established Supreme Court precedents "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Brown v. Payton*, 544 U.S. 133, 141 (2005). A state court decision involves an "unreasonable application" of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams*, 529 U.S. at 407-08; *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004) (citations and internal quotation marks omitted).

### B.  Legal Standard for Procedurally Defaulted Claims

To preserve a claim for federal habeas review, "a state habeas petitioner must present that claim to the state court and allow that court an opportunity to address his claim." *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." *Id.* The federal habeas court will consider a procedurally defaulted claim "only where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 338-39 (1992)).

5

### III.  DISCUSSION

#### A. Procedurally Defaulted Claims (Grounds One and Three)

In Ground One, Petitioner argues that his plea counsel was ineffective because she failed to request a competency evaluation of Petitioner. In Ground Three, Petitioner argues that the plea court violated his due process rights by failing to order *sua sponte* a mental competency examination for Petitioner. He asserts violations of his Sixth and Fourteenth Amendment rights. Petitioner did not raise these claims in his post-conviction relief appeal. *See* Resp't Ex. 7, at 5-7.

The state habeas court found both claims to be procedurally defaulted, but also "without legal merit." Resp. Ex. 11 at 4. In denying the claims, the court explained:

> The Court has reviewed the record. The record does not disclose any facts that would necessarily have led the trial judge to *sua sponte* order a competency examination or that should have led Petitioner's attorney to request one. Nothing in the record indicates any cause on the part of counsel to believe Petitioner was not competent to proceed, and nothing in the record from the Petitioner was incompetent to proceed [sic].

Resp't Ex. 11 at 1-5 (citing *State v. Mercado*, 787 S.W.2d 848, 851–52 (Mo. App. E.D. 1990)).

Respondent argues that both Grounds One and Three are procedurally defaulted, and the Court agrees. In Missouri, "a claim [must] be presented 'at each step of the judicial process' in order to avoid default." *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994) (quoting *Benson v. State*, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)). *See also Kirk v. State*, 520 S.W.3d 443, 457 (Mo. 2017) ("[T]he rule is clearly established that in order to preserve a constitutional issue for appellate review, it must be raised at the earliest time consistent with good pleading and orderly procedure and must be kept alive during the course of the proceedings.") (quoting *State v. Liberty*, 370 S.W.3d 537, 546 (Mo. 2012)). Because Petitioner failed to preserve these claims under Missouri law, the Court cannot reach the merits of these claims unless Petitioner can show "either cause for

the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." *Moore-El*, 446 F.3d at 896. The Court will address each claim.[4]

### 1. Ground One: Plea Counsel's Failure to Pursue a Competency Evaluation

Petitioner asserts that cause for the default on Ground One exists under *Martinez v. Ryan*, 566 U.S. 1 (2012) because his post-conviction counsel failed to include Ground One in the amended petition for post-conviction relief. In *Martinez v. Ryan*, the Supreme Court held, "Ineffective assistance of counsel at initial-review collateral proceedings may establish cause for a petitioner's procedural default of a claim of ineffective assistance at trial." 566 U.S. 1, 9 (2012). In other words, "[a]lthough ineffective assistance of post-conviction counsel is not an independent ground for habeas relief, it may constitute cause excusing a petitioner's procedural default." *Curtis v. Wallace*, No. 4:13CV293 PLC, 2016 WL 4036897, at *13 (E.D. Mo. July 28, 2016) (citing *Martinez*, 566 U.S. at 16-17). To overcome his procedural default under *Martinez*, Petitioner must show (1) that *post-conviction counsel* was "ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984)," and (2) "that the underlying ineffective-assistance-of-*trial-counsel* claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez*, 566 U.S. at 13 (emphasis added). The second prong is evaluated by determining whether Petitioner has made a substantial case of ineffective assistance of trial counsel

---

[4] That Petitioner included Ground One's claim in his *pro se* motion for post-conviction relief has no bearing on the Court's present analysis. Claims included in a *pro se* motion for post- conviction relief, but not included in amended motion by appointed counsel or in an appeal from denial of that motion, are procedurally defaulted. *Interiano v. Dormire*, 471 F.3d 854, 856-57 (8th Cir. 2006); *Wills v. State*, 321 S.W.3d 375, 386-87 (Mo. Ct. App. 2010) (under Missouri law, claims included in a *pro se* motion for post-conviction relief but not in a subsequent amended motion were "not properly before the motion court because they were a nullity").

under the *Strickland v. Washington* standards. *See Dansby v. Hobbs*, 766 F.3d 809, 834-36 (8th Cir. 2014).

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). To show ineffective assistance of counsel, a petitioner must show both that his "counsel's performance was deficient" and that "the deficient performance prejudiced [his] defense." *Strickland*, 466 U.S. at 687; *see also Paulson v. Newton Corr. Facility*, 773 F.3d 901, 904 (8th Cir. 2014). To show deficient performance, Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "Judicial scrutiny of counsel's performance must be highly deferential," and Petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To show prejudice, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The Court finds neither prong of the *Martinez* inquiry is satisfied here. As to the first *Martinez* prong, Petitioner cannot establish that his post-conviction relief counsel was ineffective under Strickland for failing to include the ineffective assistance of counsel claim asserted in Ground One in the amended motion for post-conviction relief. The Eighth Circuit has explained:

> When appellate counsel competently asserts some claims on a defendant's behalf, it is difficult to sustain a[n] ineffective assistance claim based on allegations that counsel was deficient for failing to assert some other claims. Because one of appellate counsel's important duties is to focus on those arguments that are most likely to succeed, counsel will not be held to be ineffective for failure to raise every conceivable issue. Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.

8

*Link v. Luebbers,* 469 F.3d 1197, 1205 (8th Cir. 2006) (quotation marks and citations omitted). The same logic applies to claims of ineffective assistance of post-conviction relief counsel. Here, Petitioner's post-conviction relief counsel actively pursued two claims of ineffective assistance of counsel in the amended motion for post-conviction relief: one claim based on plea counsel improperly assuring Petitioner that he would receive less time than he actually received when he made an open guilty plea, and one claim based on plea counsel failing to advise Petitioner about a double jeopardy defense. Resp't Ex. 3, at 46–57. Petitioner's post-conviction relief counsel also pursued a due process claim that there was an insufficient factual basis for his guilty plea in that the term "masturbation" was not adequately defined. Resp. Ex. 4 at 9-10. It is well established that "counsel's failure to advance a meritless argument cannot constitute ineffective assistance." *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir.1994) (per curiam).

Petitioner also cannot satisfy the second *Martinez* prong, because a review of Petitioner's claim demonstrates that it does not have "some merit" under *Strickland*.  After a guilty plea, collateral review of the plea "is ordinarily confined to whether the guilty plea was both counseled and voluntary." *Pennington v. United States*, 374 F. Supp. 2d 813, 816 (E.D. Mo. 2005) (citing *United States v. Broce*, 488 U.S. 563, 569 (1989)). A plea is voluntary if it "'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). The Supreme Court has held that the two-prong test articulated in *Strickland v. Washington*, applies to ineffective assistance claims in the guilty plea context. *Id.* at 58. "If a defendant seeks post-conviction relief on the grounds of ineffective assistance of counsel for failure to seek a mental examination, the defendant must show a factual basis for the claim that his mental condition was questionable, and counsel had reason to question the defendant's mental

9

state." *Robinson-Bey v. Wallace,* No. 4:12CV61JCH, 2013 WL 6159466, at *8 (E.D. Mo. Nov. 25, 2013) (citing *State v. Skelton,* 887 S.W. 2d 699, 706 (Mo.App.S.D.1994)).

Here, Petitioner states that he has a history of mental health problems and that he took various mental health medications before he was arrested and charged in state court in 2011. After his arrest, Petitioner attempted suicide in the Warren County Jail. Petitioner claims that during his time in that Jail—from arrest to sentencing—he was prescribed over sixteen anti-psychotic and anti-depressant drugs. ECF No. 1-2 at 70. According to Petitioner, on the day of his plea and sentencing—June 14, 2013—he was in a mental fog and all he can remember about that day is that he was trying to stay conscious; he could not even remember "anything the prosecutor said or if he was even there." *Id.* at 70-71. He states that he was prescribed various and numerous medications over the next many years and that it was not until May or June 2022, when meeting with an institutional psychiatrist, that he realized that the medications had affected his ability to remember. *Id.* at 70-71, 110. Petitioner asserts that the psychiatrist opined that "the reason why [Petitioner] couldn't recall most of [his] time in Warren County Jail and the events at [his] Plea Hearing on June 14, 2013 was that [he] was in a state of psychosis during those periods, making it to where [he] would not be fully aware of what was transpiring and unaware of what [he] was doing." *Id.* at 110. Petitioner asserts that his plea counsel knew, or had reason to know, about his mental condition and failed to render the "very minimum 'customary diligence'" in failing to request a mental exam for Petitioner. ECF No. 1-1 at 37.

The Court has reviewed the record and determined that Petitioner's own testimony does not support his assertions. At the evidentiary hearing for his amended motion for post-conviction relief, on direct examination by his post-conviction counsel, Petitioner was able to testify with certainty about his discussions with his plea counsel regarding strategy. He testified, "Her

10

assurance was that for me to receive any kind of leniency, anything other than the max on all counts that my only option for that was to do an open plea. The other alternative I was left with would be going to trial where I would receive the max sentence on each count ran [sic] consecutive." Resp't Ex. 2 at 6-7. He then confirmed, "I relied on her advisement," and replied in the affirmative when his counsel asked, "And but for that assurance would you [have] rejected pleading guilty and proceeded on to trial?" *Id.* at 7. He also testified that his plea counsel never spoke to him about a double jeopardy defense, and when asked whether he would "have rejected pleading guilty and insisted on proceeding to trial" had he known about the defense, he replied, "Yes." Resp't Ex. 2 at 8-9.

On cross examination, Petitioner confirmed under oath that: he remembered telling the trial court that he had plenty of time to speak with his attorney; his plea counsel discussed the nature of his charges with him; his plea counsel spoke with him about the probable cause statement accompanying the charging document; his plea counsel explained to him what an open plea was and that he "knew the full range of punishment was open to the judge"; he remembered Mike Wright as the prosecutor that day and remembered Mr. Wright "read[ing] off the charging document the full range of punishment for each of the counts to which [he] pled guilty" as well as the elements of the offenses; he remembered the trial court giving him two opportunities to make a statement; he remembered telling the trial court he wanted to spare the victim the experience of a testifying, explaining at the evidentiary hearing that it "wasn't the only factor, but…it was definitely something I was taking into account"; he accepted the risk of an open plea on the advice of counsel "that I would get the max punishment and consecutive sentences run together on each count" after a trial; and he remembered, immediately after the sentence was imposed, that he told

11

the trial court he would like to change his plea. Resp't Ex. 2 at 12-32. Petitioner further testified, regarding his requested change of plea:

> A. With respect to what I was speaking of is was [sic] the decision to go into --
>
> Q. Go into?
>
> A. To federal custody or state custody.
>
> Q. Oh, okay.
>
> A. While the sentence was ran [sic].
>
> Q. So you were upset about the State having you or the Feds having you; right? On June 14th that's what you were upset about?
>
> A. When -- After the sentence was handed down that's what I was talkin' about, yes.
>
> Q. Okay. So you weren't talkin' about bad advice from your attorney in reference to the term of imprisonment. You were talking about[,] should I go with the State or the federal?
>
> A. I'm speaking specifically to the part where I said I'd like to change my plea. There I misspoke. What I was referring to was with the federal and the State sentences being run consecutive or concurrent and who would have custody of me. That was what my comment was referring to.
>
> Q. That was your complaint on June 14th, 2013; correct?
>
> A. Yes.

Resp't Ex. 2 at 32.

Contrary to Petitioner's present assertions, Petitioner's testimony at the evidentiary hearing shows that Petitioner followed the events of his guilty plea as they occurred, he retained memory of those events, and he had strategic and personal motivations for pleading guilty that he was able to articulate years later under oath. At no point during the evidentiary hearing did Petitioner testify about experiencing a mental fog or difficulty remaining conscious during his plea and sentencing, such that he could not remember or answer questions about that day on examination. Indeed, the primary complaint he voiced

12

pertained to the quality of plea counsel's advice. *See* Resp't Ex. 2, at 26 (explaining that he did not complain about plea counsel during the colloquy with the plea court because "[h]ow can I know that she'd give me bad advice before the outcome?"); *see also id.*, at 31 ("She made that same statement that [after a trial] I would get the max punishment and consecutive sentences run together on each count, which is exactly what I got following her advice of doing the open plea."). His testimony also evidences his prior conversations with his counsel about risks, strategy, and goals pertaining to his criminal proceedings. Petitioner's plea counsel testified at the evidentiary hearing that she had several such conversations with Petitioner. Resp't Ex. 2 at 47-48.

Accordingly, the Court finds Petitioner has no substantial claim that trial counsel was deficient in her performance for failing to seek a mental competency evaluation. As the record does not evidence that an examination would reveal Petitioner as not competent on the day of his plea hearing, the Court also finds Petitioner was not prejudiced by trial counsel's failure to seek a mental competency evaluation. "Mental illness and legal incompetence are not identical, nor are all mentally ill people legally incompetent." *Nachtigall v. Class*, 48 F.3d 1076, 1081 (8th Cir. 1995).

For all the above reasons, Ground One is procedurally defaulted and without merit. The Court further finds that, based on the Court's review of the record and for the above reasons, the state court's denial of Ground One has a factual basis in the record was not contrary to nor an unreasonable application of any clearly established federal law.[5] Ground One will be denied.

---

[5] When an ineffective assistance claim has been addressed by the state court, this Court must bear in mind that "[t]aken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (quoting *Cullen v. Pinholster*, 563

13

### 2. **Ground Three: Plea Court's Failure to *Sua Sponte* Order a Competency Examination**

Respondent also argues that Ground Three is procedurally defaulted, and that the state court's alternative merits decision does not remove the procedural bar. As noted above, relying on state law, the state habeas court found Ground Three to be procedurally defaulted, but also "without merit." Resp't Ex. 11, at 3-5. The Court agrees that the state court's discretionary and brief merits finding does not save Petitioner's unpreserved claim; a federal habeas court "cannot reach an otherwise unpreserved and procedurally defaulted claim merely because a reviewing state court analyzed that claim for plain error." *Clark v. Bertsch*, 780 F.3d 873, 874 (8th Cir. 2015). Because Petitioner failed to preserve this claim under Missouri law, and because the state court's discretionary review of Ground Three does not cure the procedural default of that claim, the Court finds that Ground Three has been procedurally defaulted. *See, e.g.*, *Coleman v. Redington,* No. 4:18-CV-1750 RLW, 2022 WL 225656, at *5 (E.D. Mo. Jan. 26, 2022) (finding double jeopardy claim was procedurally defaulted where the petitioner did not raise it at the trial court level but raised it on direct appeal, where the state court of appeals reviewed it for plain error only); *Clayton v. Steele*, No. 4:14CV1878 RLW, 2018 WL 1382401, at *8 (E.D. Mo. Mar. 16, 2018) (failure to raise issue of improper striking of a juror constitutes procedural default even where the state court conducted discretionary plain-error review of the unpreserved claim). Moreover, based on the Court's review of the record and for the reasons discussed with respect to Ground One, the Court finds that the state court's merits-related denial of Ground Three has a factual basis in the record was not contrary to nor an unreasonable application of any clearly established federal law.

---

U.S. 170, 190 (2011)). In the context of a habeas claim, it is not sufficient for a petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance." *Bell*, 535 U.S. at 698–99.

14

Finally, because Petitioner has made no claim of actual innocence, he cannot satisfy the "fundamental miscarriage of justice" exception to showing cause and prejudice. *Schlup v. Delo,* 513 U.S. 298, 314-15, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *Washington v. Delo,* 51 F.3d 756, 761 (8th Cir.1995); *see also McCall v. Benson,* 114 F.3d 754, 758 (8th Cir.1997).[6]

The claims raised in Grounds One and Three are, therefore, both procedurally barred from review and should be dismissed. *See Maynard v. Lockhart,* 981 F.2d 981 (8th Cir.1992).

### B. Non-Cognizable Claims

#### 1. Ground Two: Post-Conviction Counsel's Failure to Pursue a Competency Claim

In Ground Two, Petitioner asserts that his post-conviction counsel was ineffective. This claim is not cognizable in a federal habeas proceeding. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under Section 2254."). *See also Cox v. Burger*, 398 F.3d 1025, 1030 (8th Cir. 2005) ("There is no federal constitutional right to post-conviction counsel."); *Roberts v. Stange*, No. 1:17-CV-214 JAR, 2023 WL 2734228, at *5 (E.D. Mo. Mar. 31, 2023) ("Petitioner's independent claims of ineffective assistance of post-conviction counsel are not cognizable in a federal habeas petition.").

---

[6] It is unclear to what extent Petitioner argues that his mental illness and/or the effects of his prescription medication *per se* constitute cause—but to the extent he does, this argument fails. *See Holt v. Bowersox,* 191 F.3d 970 (8th Cir.1999) (holding that, in order for mental illness to constitute cause and prejudice to excuse procedural default, there must be a conclusive showing that mental illness interfered with a petitioner's ability to appreciate his or her position and make rational decisions regarding his or her case at the time during which he or she should have pursued post-conviction relief). For the reasons discussed above, the Court finds that Petitioner has not shown that his mental condition impeded his ability to participate in his post-conviction proceedings. The Court therefore finds that Petitioner has not shown that his mental condition constitutes cause for the procedural default.

15

Because Ground Two is not cognizable in this proceeding, it will be denied.

### *2.* **Ground Four: Missouri Habeas Courts' Error**

In Ground Four, Petitioner claims that the that the Missouri courts violated clearly established federal law by denying his ineffective assistance of counsel claims in his petition for habeas corpus relief. However, it is well-settled that "the Constitution does not guarantee the existence of state post-conviction proceedings." *Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987)). As such, "an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas [application]." *Id.* (quoting *Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990)). Petitioner's claim in Ground 4 is not cognizable for purposes of habeas review because it is based on an alleged error in post-conviction proceedings. . Accordingly, Ground Four will be denied.

### **C.  Evidentiary Hearing**

Finally, the Court addresses Petitioner's request for an evidentiary hearing. ECF No. 5. Petitioner specifically requests the opportunity to present evidence of his mental health records from the Warren County Sheriff's Office and present testimony from two psychiatrists. *Id.*

Generally, the decision about whether to conduct an evidentiary hearing is within a habeas court's discretion, as limited by statutory restrictions set forth in the AEDPA. *See Schriro v. Landrigan*, 550 U.S. 465, 473-75 (2007). It is well established that "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.* at 474. Other courts have found that where, as here, the knowing and voluntary nature of a guilty plea is established by the record, a petitioner is not entitled to an evidentiary hearing on an ineffective assistance of counsel claim. *See Roberts v. Griffith*, No. 4:16-CV 241-RWS, 2018 WL 2364295, at *3 (E.D. Mo. May 24, 2018) (denying

request for evidentiary hearing on ineffective assistance of plea counsel claim and stating, "Eighth Circuit precedent permits district courts to deny evidentiary hearings attacking a guilty plea where the knowing and voluntary nature of the plea is established by the record.") (citing *Tran v. Lockhart*, 849 F.2d 1064, 1068 (8th Cir. 1998)); *Cotton v. Steele*, No. 4:15-CV-00806-AGF, 2018 WL 3020209, at *3 (E.D. Mo. June 18, 2018) (denying request for evidentiary hearing where the allegations of ineffective assistance of plea counsel were defeated by the petitioner's own representations at the plea hearing); *see also Tran*, 849 F.2d at 1068 (8th Cir. 1998) (holding that district court was not required to hold an evidentiary hearing where appellant's claim that he did not understand sufficient English to provide knowing and voluntary plea was belied by plain reading of colloquy).

Here, as discussed above, the Court finds that Petitioner's statements on the record—both during the colloquy at his plea hearing and during the post-conviction evidentiary hearing—refuted Petitioner's claims regarding his competency on the day of his guilty plea, and therefore also refute his claims pertaining to ineffective assistance of counsel and the plea court's error. Thus, an evidentiary hearing "would not assist in the resolution of [Petitioner's] claim[s]." *Johnston v. Luebbers*, 288 F.3d 1048, 1059 (8th Cir. 2002) (quotation marks omitted).

The Court will deny Petitioner's request for an evidentiary hearing. The Court need not reach the question of whether Petitioner has established that a hearing is permissible under AEDPA's statutory restrictions.

### IV.   CONCLUSION

For all of the above reasons, Petitioner is not entitled to federal habeas relief. Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit judge or district judge issues a certificate of

appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the judge must find that the Petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citation omitted). The Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right, so the Court will not issue a certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's motion for an evidentiary hearing (ECF No. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue because Petitioner has failed to make a substantial showing that he has been denied a constitutional right. 28 U.S.C. § 2253.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of September, 2025.